UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | 5:19-cr-00068-JMH |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| BARRY E. SANDERS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\*

This matter is before the Court on the Defendant Barry E. Sanders' motion to dismiss the indictment against him in this matter. [DE 21]. Sanders claims that the indictment was filed after the applicable statute of limitations expired. The Court heard statements of counsel on August 28, 2019, in this matter. [*See* Minute Entry/Order at DE 29]. For the reasons that follow, Sanders' motion to dismiss the indictment [DE 21] is **DENIED**.

**I.    Procedural and Factual Background**

On March 21, 2019, Barry E. Sanders was indicted on four counts of violating 18 U.S.C. § 152(7), which prohibits the concealment of assets in contemplation of a future bankruptcy proceeding. [DE 1]. The United States alleges that Sanders, as sole shareholder of Trailblazers, Inc., transferred funds from the company to his personal account and that he never disclosed those transactions in Trailblazer's Chapter 11 bankruptcy reorganization

plans or later proceedings. [DE 23 at 3, PageID #69]. He continued to conceal those payments, the United States alleges, until a certified public accountant caught the discrepancy during the Chapter 11 reorganization and alerted Sanders to it. [*Id*.]. A bankruptcy trustee was appointed and the case was converted to Chapter 7 on March 26, 2014. [*Id*. at 4, PageID #70]. Sanders was indicted on March 21, 2019. [DE 1]. On August 19, 2019, Sanders filed a motion to dismiss the charges, claiming that the statute of limitations for bankruptcy had run. [DE 21 at 1, PageID #60].

**II. Discussion**

The statute of limitations for any non-capital offense is five years and begins to run when a crime is complete. 18 U.S.C. § 3282(a). For offenses deemed to be continuous, however, the limitations period does not start until the crime either stops being continuous or a statute specifically indicates when the crime is considered complete. Offenses should not be considered continuing unless a statute explicitly says it is or the crime is of a nature that Congress must have intended it to be continuing. *Toussie v. United States*, 397 U.S. 112, 114-15 (1970).

The concealment of assets in contemplation of bankruptcy is a continuing offense under 18 U.S.C. § 3284. The concealment is considered complete when the debtor has been discharged or discharge is denied. 18 U.S.C. § 3284. The statute also states

2

that the period of limitations does not begin to run until that final discharge. 18 U.S.C. § 3284. When discharge or the denial of discharge do not occur, but instead a Chapter 11 proceeding is converted to Chapter 7, discharge is no longer possible and the statute of limitations should begin to run on that date. *See United States v. Gilbert*, 136 F. 3d 1451, 1454-55 (11th Cir. 1998)("Courts addressing this issue have determined that, where discharge is no longer possible, the date upon which the discharge became impossible is the date upon which the statute of limitations begins to run.").

Sanders' indictment plainly states that he is charged with continuously concealed property in violation of 18 U.S.C. § 152(7). [DE 1]. Because the crime of concealment is continuous until the discharge of bankruptcy, the relevant date for determining the period of limitations is the date of the conversion of the proceeding from Chapter 11 to Chapter 7. The date of conversion in this case was March 26, 2014, and the charges at issue were filed on March 21, 2019. The United States filed charges against Sanders within the applicable statute of limitations.

### III. Conclusion

For the reasons set forth above, and with the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

(1) That Defendant Sanders' motion to dismiss the indictment in this matter [DE 21] **SHALL** be **DENIED**; and

(2) This matter remains scheduled for **JURY TRIAL** on September 10, 2019.

This the 28th day of August, 2019.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge