UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | 5:19-cr-00068-JMH |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| BARRY E. SANDERS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\*

This matter is before the Court on Plaintiff's motion for an order declaring that the corporate attorney-client privilege for Trailblazers, Inc., has been waived. [DE 20]. The Court heard statements of counsel on August 28, 2019, in this matter. [*See* Minute Entry/Order at DE 29]. For the reasons that follow, the United States' motion [DE 20] is **GRANTED.**

## I. Procedural and Factual Background

On March 21, 2019, the United States charged Defendant Barry E. Sanders with multiple counts of fraudulent concealment of monetary transfers in contemplation of bankruptcy. [DE 1]. Sanders was the sole shareholder of a corporation called Trailblazers, Inc. [*See* DE 20 at 2, PageID #51]. In August 2013, Trailblazers filed for bankruptcy under Chapter 11. [*Id*.]. When the transfers at issue in this case were discovered in February 2014, the Bankruptcy Court appointed James Lyon to serve as trustee for

Trailblazers. [*Id*.]. The action was then converted to a Chapter 7 bankruptcy. [*Id*.].

In April 2014, on behalf of Trailblazers, Lyon waived attorney-client privilege "as to any legal representative of the debtor." [DE 20-1, PageID #58]. The Government now seeks confirmation from the Court that this waiver covers pre- and post-petition communications between Trailblazers and its counsel at the time of the proceedings. [DE 20 at 3, PageID #52].

## II.  Discussion

Attorney-client privilege applies "(1) where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived." *Reed v. Baxter*, 134 F. 3d 351, 355-56 (6th Cir. 1998). Corporations can be considered clients for purposes of attorney-client privilege. *Upjohn Co. v. United States*, 449 U.S. 383, 394 (1981).

The power to waive the corporate attorney-client privilege is held by its management, consistent, of course, with managers' fiduciary duty to act in the corporation's best interest. *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348-49 (1986). However, in bankruptcy, where a trustee is appointed to oversee the debtor's estate and affairs, the management of the corporation

2

is severely limited. *Id*. at 352 (citing 11 U.S.C. §§ 521, 343). In fact, "Congress contemplated that when a trustee is appointed, he assumes control of the business, and the debtor's directors are 'completely ousted.'" *Id*. at 352-53 (citing H.R. REP. NO. 95-595, at 220-21 (1977)). Following this rationale, the United States Supreme Court held in *Weintraub* that the trustee, not current or former management or the corporate debtor, controls the attorney-client privilege. *Id*. at 354.

Sanders argues that the trustee should not have the power to waive attorney-client privilege as to communications that occurred before the trustee was appointed. Such an outcome would substantially frustrate the *Weintraub* court's holding that the power to waive the attorney-client privilege as to communications made by the corporation is provided to the trustee as the equivalent of "new management." In fact, "displaced managers may not assert the privilege over the wishes of current managers, even as to statements that the former might have made to counsel concerning matters within the scope of their corporate duties." *Weintraub*, 471 U.S. at 349. Likewise, once a trustee is appointed to be the fiduciary of the corporation, the power to waive the attorney-client privilege as to its former communications cannot be ceded back to previous management.

### III. Conclusion

Bankruptcy trustee James Lyon waived Trailblazer's attorney-client privilege in April 2014. For the reasons set forth above, and with the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

(1) That Plaintiff United States' motion [DE 20] **SHALL** be **GRANTED**; and

(2) This matter remains scheduled for **JURY TRIAL** on September 10, 2019.

This the 29th day of August, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge